JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 28 1979

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

In re Penitentiary Postal ) DOCKET NO. 361
Procedure Litigation )

OPINION AND ORDER

BEFORE MURRAY I. GURFEIN, CHAIRMAN, AND EDWIN A. ROBSON,
STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, AND
CHARLES R. WEINER, JUDGES OF THE PANEL.

PER CURIAM

This litigation presently consists of four actions
pending in two federal districts:  three in the Northern
District of Georgia and one in the District of the District
of Columbia.

The District of Columbia action was brought in May,
1973, by a group of federal prisoners and ex-prisoners as
a class action.  The defendants in this action include the
United States Attorney General, the Postmaster General,
the Director of the United States Bureau of Prisons, and
wardens or directors of federal penal institutions in the
United States.  The complaint in this action challenges
the constitutionality of the Bureau of Prisons' (the Bureau)
regulations and limitations on attorney-prisoner correspondence;
correspondence with courts; family and social correspondence;
correspondence critical of the Bureau; correspondence with
fellow prisoners, ex-prisoners, and members of the opposite

/28/79

sex; and correspondence with the press.  The complaint also
attacks the Bureau's handling of prisoners' incoming and
outgoing mail, the Bureau's supervision of prisoners' right
to receive publications, and the Bureau's rule that allowed
publications to be received by prisoners only if the publications
were sent to the prisoners directly by the publisher.  The
Honorable William B. Bryant has certified, pursuant to Fed.R.
Civ. P. Rule 23(b)(2), a class in this action consisting
of all persons who are now, or who may in the future be,
confined in penal institutions controlled and operated by
the defendants who operate the Bureau.

The first Georgia action (Boord) was filed in July,
1977, against the Director of the Bureau and officials at
the United States Penitentiary in Atlanta, Georgia.  The
individual plaintiff alleges that defendants have deprived
him of constitutional rights by opening, delaying and/or
refusing to send plaintiff's sealed mail to the United States
attorney in Puerto Rico, other attorneys and the courts.

The second Georgia action (Lovell) was filed in March,
1978, against the Director of the Bureau, the warden at the
Atlanta penitentiary and other federal officials. The plaintiff
alleges that defendants have unconstitutionally refused
to mail plaintiff's sealed letters to federal authorities,
the American Bar Association, law schools and legal authorities.

The third Georgia action (<u>Moorefield</u>) was filed by two individuals against the Director of the Bureau, the warden at the Atlanta penitentiary and unnamed federal officials. Plaintiffs allege that defendants unconstitutionally have recorded telephone conversations conducted by the plaintiffs and have copied plaintiffs' incoming and outgoing mail.

The Director of the Bureau and the warden at the Atlanta penitentiary originally moved the Panel, pursuant to 28 U.S.C. §1407, to centralize the four actions in this litigation in the District of the District of Columbia for coordinated or consolidated pretrial proceedings.[1] Plaintiff in <u>Boord</u> joined in that motion. Plaintiffs in the District of Columbia action and plaintiffs in <u>Moorefield</u> opposed centralization under Section 1407. Subsequently the Director of the Bureau and the warden at the Atlanta penitentiary requested permission to withdraw their motion to transfer. Because plaintiff in <u>Boord</u> had joined in the original transfer motion and had advised the Panel that he desired to pursue the motion, the matter was set for hearing. No responding party has changed its original position as a result of the withdrawal request of the original movants.

---

[1] These original movants included in their motion three other actions that have since been terminated. Consideration of those actions by the Panel has therefore become moot.

We conclude that transfer under Section 1407 would
not necessarily serve the convenience of the parties and
witnesses or promote the just and efficient conduct of this
litigation and, accordingly, we deny the motion for transfer.

Movant contends that all four actions share a factual
core arising out of a common challenge to the Bureau's uniform
system-wide policies on mail handling.  He urges that transfer
is necessary in order to prevent duplication of discovery
and prevent inconsistent pretrial rulings.

We find these arguments unpersuasive.  The action in
the District of the District of Columbia has been pending
for nearly six years and has been substantially narrowed
as a result of ongoing discovery, stipulations of the parties
and changes in Bureau policies.  Opponents to transfer assert,
and movant has not refuted, that 1) Moorefield, involving
alleged photocopying of inmate mail and recording of telephone
calls, shares no factual questions with the District of
Columbia action and does not arise out of the Bureau's Prisons
Policy Statement on Correspondence and Publications which
is at issue in the District of Columbia action; and 2) Boord
and Lovell, based on claims for damages for delaying and/or
opening sealed outgoing mail, no longer share factual questions
with the District of Columbia action because a similar
claim for injunctive relief in the latter action is no longer
at issue as a result of recent changes in Bureau policies
which now allow outgoing sealed mail. Under these circumstances,

we cannot conclude that any remaining common factual questions
that may exist between the Georgia actions and the District
of Columbia action are sufficiently complex to justify transfer
under Section 1407.  See In re Scotch Whiskey, 299 F.Supp.
543, 544 (J.P.M.L. 1969).

Additionally, we observe that suitable alternatives
to Section 1407 transfer are available to the parties in
this litigation.  For example, discovery that has already
transpired in the District of Columbia action may be made
applicable to the Georgia actions either by agreement of
the parties or by any party requesting the Georgia court
to order all parties to show cause why that discovery should
not be made applicable.  Also, notices for any future depositions
could be filed in all relevant actions, thereby making the
depositions applicable in those actions.  See In re Oklahoma
Insurance Holding Company Act Litigation, ___F.Supp.___, ___
(J.P.M.L., filed February 6, 1978) (slip opinion at 11-12).
See also Manual for Complex Litigation, Parts I and II,
§§3.11 (rev. ed. 1977).

Also, consultation and cooperation between the two
concerned district courts, if viewed appropriate by those
courts, coupled with the cooperation of the parties, would
minimize the possibility of conflicting pretrial rulings.
See In re Texas Instruments, Inc. Employment Practices Litigation,
441 F.Supp. 928, 929 (J.P.M.L. 1977).

-6-

IT IS THEREFORE ORDERED that the motion for transfer under Section 1407 concerning the actions listed on the following Schedule A be, and the same hereby is, DENIED.

SCHEDULE A                                    MDL-361


### District of the District of Columbia

Jack Abbott, et al. v. Elliott L. Richardson, et al.,
C.A. No. 1047-73


### Northern District of Georgia

Hugh M. Boord v. Norman Carlson, et al.,
C.A. No. C77-1115A

Rev. Dr. Frank D. Lovell v. Jack Hanberry, et al.,
C.A. No. C78-439

Bill B. Moorefield, et al. v. Norman A. Carlson, et al.,
C.A. No. C78-417A